09-4384-ag
Lakmana v. Holder

BIA
Videla, IJ
A070 703 930

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of February, two thousand eleven.

PRESENT:
>       ROBERT A. KATZMANN,
>       DEBRA ANN LIVINGSTON,
>       DENNY CHIN,
>        *Circuit Judges.*

------------------------------------------

PUSHPA KUMARA LAKMANA,

     *Petitioner*,

      v.                                    09-4384-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

     *Respondent*.

------------------------------------------

FOR PETITIONER:     Pushpa Kumara Lakmana, *pro se*, Jamaica, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Jeffrey J. Bernstein, Attorney, Office of Immigration Litigation; Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Pushpa Kumara Lakmana, a native and citizen of Sri Lanka, seeks review of an October 15, 2009, order of the BIA reissuing its November 18, 2002, order affirming the May 30, 2001, decision of Immigration Judge ("IJ") Gabriel C. Videla denying Lakmana's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lakmana*, No. A070 703 930 (B.I.A. Oct. 15, 2009); *In re Lakmana*, No. A070 703 930 (B.I.A. Nov. 18, 2002), *aff'g* No. A070 703 930 (Immig. Ct. N.Y. City May 30, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4); *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

2

Substantial evidence supports the IJ's adverse credibility determination.  We will not disturb adverse credibility determinations when they are based on "specific examples in the record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters."  *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).  In making the adverse credibility determination in this case, the IJ found Lakmana not credible because he: (1) was evasive and non-responsive to "simple and direct" questions throughout the hearing; (2) testified that the LTTE came to his mother's house to look for him, but did not include that information in his asylum application; (3) testified inconsistently regarding the amount of time he lived at his mother's home; and (4) stated in his asylum application that LTTE members tried to kill his wife, but testified that his wife was not harmed and nothing happened to her on the day the buses were burned.  We are not "compelled to conclude to the contrary."

3

*See Shunfu Li*, 529 F.3d at 146; *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (stating that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent").

The record shows that Lakmana was given an opportunity to explain the inconsistencies, but was evasive and non-responsive to the questions posed to him and failed to provide a coherent explanation for the discrepancies the IJ identified. Contrary to Lakmana's assertions, it was not improper or evidence of bias for the IJ to question him regarding these discrepancies. *See* 8 U.S.C. § 1229a(b)(1) (stating that the IJ has the authority to interrogate, examine, and cross-examine the applicant and any witnesses). Furthermore, because the IJ identified specific examples of Lakmana's evasiveness, we defer to his demeanor finding. *See Dong Gao v. B.I.A.*, 482 F.3d 122, 126-27 (2d Cir. 2007) (granting "particular deference" in applying the substantial evidence standard to credibility findings based on demeanor)(internal quotation marks omitted); *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir. 2006) (stating that the Court "can be . . . more confident in

4

[its] review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony").

Moreover, contrary to Lakmana's claim, even if the inconsistencies the IJ identified were minor, the IJ was entitled to rely on their cumulative effect. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal citations and quotation marks omitted)); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106-107 (2d Cir. 2006)("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.")(internal citations and quotation marks omitted). Regardless, the inconsistencies the IJ relied upon went to the heart of Lakmana's claim because they were related to his alleged

5

persecution by the LTTE.

Because Lakmana's withholding of removal and CAT claims share the same factual predicate as his asylum claim, the IJ's adverse credibility determination precludes any form of relief. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006). Because the adverse credibility determination is dispositive, we do not reach the agency's alternate burden of proof findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6